# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY DALE JUSTUS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-CV-0291-CVE-JFJ |
| ) | |
| JOE M. ALLBAUGH, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court are two motions: respondent's motion to dismiss the habeas petition for failure to exhaust necessary state remedies (Dkt. # 7), and petitioner's motion to stay the habeas proceeding pending exhaustion of state remedies (Dkt. # 6). For the reasons discussed below, the Court denies petitioner's motion for a stay. Within 14 days of the entry of this Opinion and Order, petitioner may file an amended petition containing only exhausted claims. If petitioner files an amended petition containing only exhausted claims, the Court will deny respondent's motion to dismiss and direct respondent to file a response to the amended petition. If petitioner fails to file an amended petition by the above-established deadline, the Court will grant Respondent's motion to dismiss and dismiss the petition without prejudice for failure to exhaust state remedies.

### *BACKGROUND*

Petitioner challenges the constitutional validity of the judgment and sentence entered against him in the District Court of Pawnee County, Case No. CF-2014-31. Dkt. # 2, at 1.[1] In that case, a

---

[1] For consistency, the Court's record citations refer to the CM/ECF header page numbers in the upper right-hand corner of each document.

jury convicted petitioner of two counts of first-degree manslaughter, possessing a controlled dangerous substance (marijuana), and driving left of center. Id. The trial court imposed a 25-year prison term for each manslaughter conviction, a one-year prison term for the drug possession conviction and a 10-day prison term for the traffic violation. Dkt. # 2, at 17. The court ordered the 25-year sentences to be served consecutively to each other, with all other sentences to run concurrently. Id.

Represented by counsel, petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), raising five propositions of error:

> Proposition 1: Plain, structural error occurred through the service on the jury of a state correctional officer statutorily ineligible to serve on a criminal jury.
>
> Proposition 2: Failure to remove Juror West based on her status as a correctional officer (jailer) denied [petitioner] the effective assistance of counsel.
>
> Proposition 3: There was insufficient evidence to convict [petitioner] of first degree manslaughter because the state failed to prove beyond a reasonable doubt that [petitioner] was under the influence of an intoxicating substance.
>
> Proposition 4: The introduction of State's Exhibits 14 and 15, irrelevant and highly prejudicial photographic evidence, deprived [petitioner] of a fair trial.
>
> Proposition 5: The evidence was insufficient to prove [petitioner] possessed the bud of marijuana found in the passenger floorboard of his truck.

Dkt. # 8-1, Pet'r App. Brief, at 2.

The OCCA affirmed the trial court's judgment and sentence by unpublished summary opinion, filed March 1, 2017. Dkt. # 8-2, Justus v. State, No. F-2016-87 (Okla. Crim. App. 2017) (unpublished), at 5. Petitioner did not seek a writ of certiorari from the United States Supreme Court. Dkt. # 2 at 3.

On June 5, 2017, petitioner filed a pro se motion for post-conviction DNA testing, under the Oklahoma Postconviction DNA Act, OKLA. STAT. tit. 22, §§ 1373-1373.7, in state district court. Dkt. # 2, at 3. That motion remains pending. Id.; Dkt. # 6, at 2, 12; see also State v. Justus, No. CF-2014-31 (Docket Sheet), available at http://www.oscn.net/dockets, last visited Dec. 13, 2018.

Represented by counsel, petitioner filed the instant habeas petition (Dkt. # 2) on May 30, 2018, identifying six grounds for habeas relief:

> Ground 1: Failure to remove a juror based upon her status as a correctional officer (jailer) denied [petitioner] the effective assistance of counsel.
>
> Ground 2: There was insufficient evidence to convict [petitioner] of First Degree Manslaughter because the State failed to prove beyond a reasonable doubt that [petitioner] was under the influence of an intoxicating substance.
>
> Ground 3: The introduction of State's Exhibits 14 and 15, irrelevant and highly prejudicial photographic evidence, deprived [petitioner] of a fair trial.
>
> Ground 4: The evidence was insufficient to prove [petitioner] possessed the bud of marijuana found in the passenger floorboard of his truck.
>
> Ground 5: The State destroyed the blood sample it claimed was obtained from [petitioner] and was used at trial to convict, thus depriving [petitioner] of the means of independent DNA and drug testing.
>
> Ground 6: Trial counsel was ineffective for failing to contest the legitimacy of the blood draw, which as [sic] subsequently been destroyed by the State.

Dkt. # 2 at 5, 7-8, 10, 16.

Petitioner alleges, and respondent agrees, that petitioner exhausted state remedies as to the claims alleged in Grounds 1 through 4 by presenting them to the OCCA on direct appeal. Dkt. # 2, at 5-10; Dkt. # 8, at 3. But respondent contends petitioner did not exhaust state remedies as to the claims alleged in Grounds 5 and 6. Dkt. # 8, at 3. Petitioner acknowledges this point and alleges

3

those claims "are currently being litigated in the state district court in post-conviction proceedings."[2] Dkt. # 2, at 12. Because the habeas petition includes both exhausted and unexhausted claims, respondent urges this Court to dismiss the entire petition for failure to exhaust state remedies. Dkt. ## 7, 8. Alternatively, respondent suggests that the Court could permit petitioner to amend his habeas petition to exclude the unexhausted claims. Dkt. # 8, at 6. Petitioner requests a stay pending exhaustion of state remedies. Dkt. # 6.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally requires a state prisoner to exhaust state remedies as to each of his or her federal claims before seeking federal habeas relief on any federal claims. 28 U.S.C. § 2254(b)(1); Ellis v. Raemisch, 872 F.3d 1064, 1076 (10th Cir. 2017), cert. denied, 138 S. Ct. 978 (2018). The AEDPA's exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addition, the AEDPA generally requires a state prisoner to file a federal habeas petition within one year of the date on which the prisoner's state-court judgment became final. 28 U.S.C.

---

[2] Respondent submitted a copy of the docket sheet from petitioner's state criminal case. Dkt. # 8-3. However, neither party submitted a copy of petitioner's pro se motion for post-conviction DNA testing. For purposes of this opinion, the Court accepts as true petitioner's uncontested allegation that he is currently litigating the claims he alleges in Grounds 5 and 6 of his habeas petition through his state post-conviction proceeding.

§ 2244(d)(1).[3] The one-year limitation period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

When a state prisoner timely files a "mixed" petition, i.e., a habeas petition that includes both exhausted and unexhausted claims, a federal court has discretion to stay the habeas proceeding. Rhines v. Weber, 544 U.S. 269, 275-78 (2005). In Rhines, the Supreme Court reasoned that state prisoners attempting to comply with both the one-year statute of limitations and the exhaustion requirement face two related risks when they file a timely mixed petition. 544 U.S. at 275. First, "[i]f a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it [for lack of exhaustion] after the limitations period has expired, this will likely mean the termination of any federal review." Id. Second, "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." Id. In light of these risks, the Rhines Court held that it may be appropriate in some cases to stay a federal habeas proceeding and hold the petition in abeyance to allow a petitioner to return to state court and exhaust his or her unexhausted claims. Id. at 275-79. The Rhines Court cautioned, however, that a habeas court should grant a stay only if the court finds that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

---

[3] Section 2244(d)(1) provides that the one-year limitation period commences on the latest of four specified dates, but the most common is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," as provided in § 2244(d)(1)(A).

When the circumstances do not support a stay of the habeas proceeding, the habeas court may instead (1) dismiss the entire mixed petition without prejudice and permit the petitioner to return to state court to exhaust unexhausted claims, (2) allow the petitioner to amend the petition to dismiss unexhausted claims and proceed only on exhausted claims, or (3) deny the entire petition on the merits. Wood v. McCollum, 833 F.3d 1272, 1273 (10th Cir. 2016).

Here, petitioner requests a stay based on his concern that his federal claims will be time-barred if his petition is dismissed. Dkt. # 6, at 1-3. Citing Pace v. DeGuglielmo, 544 U.S. 408, 416 (2005), he alleges that he filed his federal habeas petition as a "protective" petition because two of his claims are pending in state court and his one-year statute of limitations "was close to expiring." Dkt. # 6, at 1-2. Petitioner acknowledges that his pending motion for post-conviction DNA testing "appears to be a valid state post-conviction remedy" that would toll the one-year period, but he also alleges he had "good cause" for filing his petition before fully exhausting state remedies because his motion for post-conviction DNA testing might be "insufficient" to toll the one-year statute of limitations. Id. at 2-3.

Respondent urges this Court to deny petitioner's request for a stay and dismiss the entire petition. Dkt. ## 8, 9. Respondent primarily contends that a stay is unnecessary because petitioner's pending post-conviction motion, filed shortly after his one-year period began to run, constitutes a tolling motion. Dkt. # 9, at 3-6. Thus, respondent argues, even if the Court dismisses the instant habeas petition petitioner will have "substantial time in which to exhaust his state court remedies and return to federal court." Id. at 5. Respondent further contends that petitioner's concern about whether his pending post-conviction motion constitutes a tolling motion is unfounded and, as a

6

result, it is "not proper" for petitioner to characterize his mixed petition as a "protective" petition. Id. at 3-5.

The Court agrees with respondent that petitioner's convictions became final on May 30, 2017, or 90 days after the OCCA affirmed the judgment and sentence of the trial court on March 1, 2017, when the time for seeking certiorari review in the United States Supreme Court expired. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, petitioner's one-year period began to run on June 1, 2017, and, absent any tolling events, expired on June 1, 2018. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing calculation of AEDPA's one-year limitation period). Petitioner filed his pro se motion for post-conviction DNA testing in state district court on June 5, 2017. Dkt. # 8-3, at 24. Thus, assuming that motion seeks "collateral review" within the meaning of § 2244(d)(2), respondent is correct that petitioner tolled the one-year limitation period only four days after that period commenced and would therefore have "substantial time remaining in which to exhaust his state court remedies and return to federal court." Dkt. # 9, at 3, 5.

However, the Court finds nothing improper about petitioner's suggestion that he filed his habeas petition as a "protective" measure on May 30, 2018, one day before his one-year period expired. Both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have recognized that in some cases a state prisoner can, and should, file a "protective" petition to avoid the risks contemplated by Rhines. See Pace, 544 U.S. at 416 (suggesting that a state prisoner attempting to exhaust state remedies but concerned that his application for post-conviction relief in state court might not toll the one-year limitation period could "fil[e] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies

7

are exhausted"); Doe v. Jones, 762 F.3d 1174, 1181 (10th Cir. 2014) (describing a petitioner's federal habeas petition as "the quintessential 'protective petition'" when the petitioner "raised the exact same claims in both his state postconviction application and federal habeas petition, which were filed simultaneously just before the AEDPA statute of limitations had run"); see also Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006) (discussing protective habeas petitions and suggesting "it would be wise for a petitioner to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case concludes to ensure that she does not miss the one-year deadline").

Here, petitioner alleges he was uncertain whether his motion for post-conviction DNA testing would be sufficient to toll the one-year limitation period. Dkt. # 6, at 2-3. And, contrary to respondent's position, it appears petitioner has good reason to question whether his motion for post-conviction DNA testing constitutes a tolling motion under § 2244(d)(2). Compare Hutson v. Quarterman, 508 F.3d 236, 240 (5th Cir. 2007) (per curiam) (concluding "a motion to test DNA evidence under Texas Code of Criminal Procedure article 64 constitutes 'other collateral review' and thus tolls the AEDPA's one-year limitations period"), with Woodward v. Cline, 693 F.3d 1289, 1293-94 (10th Cir. 2012) (concluding motion for DNA testing under Kansas statute was "not an application for collateral review" because "it did not call for reexamination of the judgment" and, therefore, it did not constitute a tolling motion under § 2244(d)(2)), Price v. Pierce, 617 F.3d 947, 952-54 (7th Cir. 2010) (holding, as matter of first impression, that motion seeking DNA testing under Illinois law does not seek "collateral review" within meaning of § 2244(d)(2) and does not toll the one-year limitations period), and Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1338

(11th Cir. 2008) (holding that request for DNA testing under Florida law is "discovery motion" that does not toll AEDPA's one-year limitation period). Because neither party adequately briefs this issue, or even mentions any of these authorities, the Court declines to decide whether petitioner's motion has any tolling effect.

In any event, even assuming petitioner is correct that his motion for post-conviction DNA testing does not constitute a tolling motion, the Court agrees with respondent that petitioner has not demonstrated good cause to support his request for a stay. The record reflects that petitioner promptly filed his motion for post-conviction DNA testing in state district court on June 5, 2017, only 4 days after his one-year limitation period commenced. Dkt. # 8-3, at 24. After two continuances, the State filed a response to the motion, and petitioner filed a reply. Id. at 24-26. On August 4, 2017, the state district court held a motion hearing. Id. at 26. Petitioner's counsel, the same attorney who represents him in this habeas proceeding, appeared at that hearing and formally entered his appearance in the state post-conviction proceeding on August 18, 2017. Id. The entry on the state court docket for the August 4, 2017, hearing reflects that the matter would be "reset upon application." Id. However, the only subsequent docket entry, dated January 3, 2018, relates to a tax refund. Id. Petitioner suggests in his habeas petition that his unexhausted claims are "currently being litigated in the state district court in post-conviction proceedings," Dkt. # 2, at 12, but he offers no explanation as to the lack of activity in that proceeding since August 2017. On this record, the Court cannot find that petitioner has shown "good cause" for failing to exhaust the claims alleged in Grounds 5 and 6 before filing the instant habeas petition on May 30, 2018, after his post-conviction proceeding remained stagnant for nearly one year and only one day before his one-year period expired. The Court therefore denies petitioner's request for a stay.

That said, the Court finds that dismissal of the entire petition could impair petitioner's ability to seek federal review of the exhausted claims he alleges in Grounds 1 through 4. As a result, the Court finds that petitioner should be afforded the opportunity to proceed on his exhausted claims, if he so chooses. Should petitioner wish to proceed with his currently exhausted claims, he may, within 14 days of the entry of this Opinion and Order, file an amended petition deleting his unexhausted claims. If petitioner files an amended petition containing only exhausted claims, the Court will deny respondent's motion to dismiss and direct respondent to file a response to the amended petition. If petitioner fails to file an amended petition containing only exhausted claims by the deadline specified below, the Court will grant respondent's motion to dismiss and dismiss the instant habeas petition without prejudice for failure to exhaust.

## *CONCLUSION*

The circumstances of this case do not warrant granting petitioner's motion for a stay pending exhaustion of state remedies as to the claims alleged in Grounds 5 and 6. However, because petitioner's pending motion for post-conviction DNA testing may not be sufficient to toll the one-year limitation period, outright dismissal of the instant habeas petition could preclude petitioner from obtaining federal review of his four exhausted claims. As a result, the Court concludes that petitioner should be afforded an opportunity to file an amended petition deleting his unexhausted claims. If petitioner does not file an amended petition within 14 days of the entry of this Opinion and Order, the Court will grant respondent's motion to dismiss and dismiss the instant habeas petition without prejudice for failure to exhaust.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to stay (Dkt. # 6) is **denied**.

2. Should petitioner wish to proceed with his currently exhausted claims he may, within 14 days of the entry of this Opinion and Order, file an amended petition deleting his unexhausted claims.

3. If petitioner files an amended petition containing only exhausted claims, the Court will deny respondent's motion to dismiss and direct respondent to file a response to the amended petition.

4. If petitioner fails to file an amended petition containing only exhausted claims by the above-established deadline, the Court will grant respondent's motion to dismiss and dismiss the petition without prejudice for failure to exhaust.

**DATED** this 18th day of December, 2018.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE